On Rehearing.
Manning, O. J.
The crucial question, the answer to which determines this controversy, is — what did the Marshal seize and sell, and what did the plaintiff acquire by the adjudication to her ? ■ ■
He did not seize the share and interest of Mrs. Trigg in any particular tract of land, or in any specific movable, nor did he seize her share of the aggregate of all the lands, or her portion of all the movables. It was her interest in the succession as an entirety that was seized, and that is, her share of the residuum, which can only be known after all the debts, charges, and liabilities are deducted from all the assets and property. The thing seized was intangible, incorporeal — an ideal and judicial being or object, which might prove to be valuable or valueless according to circumstances. It might be that future developments would show that there is no residuum, or that if there were a residuum, Mrs. Trigg had already received, used, and consumed her portion of it.
This becomes apparent, if it needs any demonstration, by considering what object, thing, or property is appraised when one is proceeding *754 to sell the undivided share of an heir in a succession. It would not be possible to separate each piece of property from the other, to appraise it, and thus assume the heir’s interest in it to be a certain proportion of its value. Nor would it answer to pursue that mode, and adopt that rule, with all the several kinds of property, and aggregate them all, and say the heir’s interest in the whole is a certain proportion, unless you also estimate the deductions that are to be made. Practically, it may be necessary to pursue this, or some like method, in order to ascertain a value for the residuum, for you must know the value of each property before you can know the value of the aggregate of them all, and you must know what deductions are to be made therefrom, before you can know what is the residuum, or any part thereof. But that is only a mode of arriving at the result — a means to an end — processes of calculation to help one to ascertain a determinate sum — stepping stones by using which you reach a spot where there is sure footing.
The arithmetical machinery which you use to enable you understandingly to appraise so complex an object of seizure as an undivided and unsettled interest in a succession, must not make you confound the object that is finally appraised with the several and different objects, the value of which you have had to consider, before you could ascertain the value of that resultant of them all. You must necessarily know what is the value of these tangible objects — the various pieces of property, the various kinds of assets, rights, etc., the various charges and diminutions, etc. — before you can know at what sum to appraise this intangible object, which has been seized.
■ The plaintiff’s cpunsel lose sight of this when in their brief for a rehearing, they treat the receipt or acquittance of Mrs. Trigg'to her mother as a conveyance or attempted conveyance of land. In both cases — the thing seized, and the thing acknowledged to have been received — is a certain share or interest in an incorporeal right.
If a succession is composed of many kinds of property — lands, movables, rights and credits, money — and heirs, who are competent to act, partition it among themselves, it cannot be doubted that one might take her share wholly in money, and, another wholly in land, or other property. Mrs. Trigg, whether from choice or necessity, took hers wholly in money, or cotton which immediately produced money. It is not yet established with absolute, certainty that she has received the whole of her share, but it is probable that such is the fact. Her receipt to her mother, the administratrix of the estate, and the usufructuary of one half of the property, is in full payment, and it appears to be conceded in argument that if what she has received is chargeable to her as a part of her share, that it will turn out to be even more than her portion of the succession.
*755 If then she had already received her full share of the succession, whether in one kind or in many kinds of property, before the seizure was made by the marshal, what did the plaintiff buy but the right her debtor had at the time of seizure ? What rights did the plaintiff aoquire by the purchase, other than those her debtor already had ? And if Mrs. Trigg, in a forced partition at her instance of the succession property, and a compulsory account provoked by her of the administration, would be compelled to submit to having her share reduced by the sums she had already received, and if it turned out that she had received all, and would not be permitted to take more — why should not the plaintiff be bound to do the same, seeing that she could do only that, and no more, which Mrs. Trigg could do, whose rights she had acquired, and in whose place and stead quoad the succession she stood.
Our opinion is that the plaintiff has acquired only such interest as Mrs. Trigg, now Mrs. Pillow, had in the succession of her father at the time the seizure was made, and if she had reoeived already a sum of money, or property which produced money, equal to the value of her share of the succession, then she had no interest further therein.
We are asked to put an end to this controversy by a present decree, but there is not complete evidence in the record what the value of the succession was at the time of the seizure of Mrs. Trigg’s interest, and although she has receipted to the administratrix for the whole of her interest, the verity, good faith, and correctness of that receipt is open to attack by the plaintiff, who may be able to establish that, over and above the sums and property already received by Mrs. Trigg, there is still something now coming to her as an heir of her father. If there be anything still due her, the plaintiff is entitled to it. If there is not anything due her, the plaintiff has acquired nothing by her purchase. We are compelled to remand the case. Therefore
It is ordered and adjudged that our former decree remain undisturbed.
Mr. Justice Euan recused himself in this case.